UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY WEAVER, ) | |
|     Plaintiff, ) | |
| ) | Case No. 1: 18-cv-03680 |
| v. ) | |
| ) | Honorable Judge Virginia Kendall |
| BOARD OF EDUCATION OF THE CITY OF ) | Magistrate Judge Jeffrey Cole |
| CHICAGO, FORREST CLAYPOOL, individually, ) | |
| and in his capacity as CHIEF EXECUTIVE ) | |
| OFFICER[1] of the BOARD, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**UNOPPOSED MOTION TO STAY ALL DISCOVERY**

Defendants, Board of Education of the City of Chicago (Board) and Forrest Claypool, individually and in his official capacity as Chief Executive Officer of the Board (Claypool), file this Motion to Stay all Discovery pending the Court's ruling on the Board and Claypool's Motions to Dismiss and state:

**PROCEDURAL HISTORY**

On May 25, 2018, Plaintiff Mary Weaver filed a lawsuit against the Board, Claypool and others, asserting, among other things, claims pursuant to 42 U.S.C. Section 1983 (Section 1983) for alleged violations of her rights under the First Amended (protected speech retaliation) and Fourteenth Amendment (due process). Complaint (Compl.) ECF No. 1 at ¶¶ 48-65. Plaintiff also brought claims against the Board pursuant to Section 1983 for *Monell* liability and for retaliation and interference pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. Section 2601, *et seq.* (FMLA). *Id.* at ¶¶ 66-71, 94-96. Plaintiff further brought claims for breach of contract and promissory estoppel under state law, a statutory claim under the Illinois Wage Payment and Collective Act, 820 ILCS 115/1, *et seq.* (IWPCA), and an indemnification claim under 745 ILCS 10/9-102. *Id.* at ¶¶ 72-93, 99-97.

---

[1] Forrest Claypool served as the Board's CEO from July 27, 2015 to January 1, 2018.

Plaintiff was hired in 1995 and, most recently, held the position of Principal at Scammon Elementary School for the Board from March 2007 to May 2016. *Id.* at ¶ 10, Answer, Affirmative Defenses and Jury Demand (Answer), ECF No. 16, ¶ 10. On December 28, 2015, Plaintiff was notified that she was being removed from her duties and being reassigned to home based on a substantiated investigation by the Board's Office of Inspector General. ECF No. 1 at ¶ 37. On April 1, 2016, Plaintiff received a letter from Claypool notifying her that charges had been approved against her for conduct unbecoming of a Chicago Public Schools employee. *Id.* at ¶ 39. Pursuant to Illinois statute, the letter stated that Plaintiff would be dismissed without a hearing unless she requested one in writing to the Board's CEO within 17 days from receipt of the letter. *Id.* at ¶¶ 39, 57. Plaintiff did not request a dismissal hearing within the 17 day statutory time period, and therefore, was terminated effective May 25, 2016. *Id.* at ¶ 45. Plaintiff appealed the Board's decision to terminate her to the Appellate Court of Illinois, First District. *Weaver v. Bd. of. Educ. of Chi.*, No. 1-16-1764, 2017 Ill. App. LEXIS 244 (Apr. 11, 2017), ECF No. 14-1, Exhibit A to Motion to Dismiss, and the First District Illinois Appellate Court upheld Plaintiff's termination.

On July 23, 2018, the Board moved to dismiss Plaintiff's complaint in its entirety. Motion to Dismiss, ECF No. 14, arguing that Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel. *Id.* Alternatively, the Board argued that Plaintiff's complaint should be dismissed for a myriad of other reasons. First, Plaintiff failed to request a dismissal hearing pursuant to Illinois statute and, therefore, cannot *now* state a claim for due process violations (Counts I and II). *Id.* Second, Plaintiff did not allege a sufficient liberty interest to support Count II. *Id.* Third, Plaintiff failed to plead sufficient facts to support a First Amendment claim. *Id.* Fourth, Plaintiff's claim under the IWPCA is barred pursuant to the doctrine of claim splitting. *Id.* Fifth, Plaintiff's IWPCA claim is barred by the applicable statute of limitations. *Id.* Finally, a *Monell* claim cannot survive in the absence of an underlying constitutional violation. *Id.* If granted, the Board's Motion would be fully dispositive

on all of Plaintiff's claims against the Board. The Board's Motion was fully briefed as of August 27, 2018. ECF No. 18, 30.

Likewise, on September 30, 2018, Claypool moved to dismiss Plaintiff's three counts against him in his official and individual capacity: Count I – Deprivation of Liberty Interest without Due Process; Count II – Deprivation of Property Interest without Due Process; (3) Count III – Termination in Retaliation for Protected Speech. Motion to Dismiss, ECF No. 31. Claypool argued the following: (1) the "official capacity" claims against him are duplicative of the claims against the Board; (2) Plaintiff failed to plead a single allegation supporting any claim against him; (3) Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel; (4) Plaintiff failed to request a dismissal hearing pursuant to Illinois statute and, therefore, cannot *now* state a claim for due process violations (Count I and II); (5) Plaintiff did not allege a sufficient liberty interest to support Count II; and (6) Plaintiff failed to plead sufficient facts to support a First Amendment claim against Claypool. *Id.* Like the Board's Motion to Dismiss, if granted, Claypool's Motion to Dismiss would extinguish all of Plaintiff's claims against him. Claypool's Motion was fully briefed as of October 29, 2018. ECF No. 35, 39.

The instant case is subject to the Mandatory Initial Discovery Pilot program (MIDP). ECF No. 3. The Board, Claypool and Plaintiffs have served respective Mandatory Initial Discovery responses. In addition, Plaintiff served Claypool with a limited number of interrogatories which he answered and which he believes further demonstrates the lack of individual involvement he had in Plaintiff's claims. Responding to additional discovery would create an unnecessary burden on the parties.

**ARGUMENT**

The Board and Claypool seek an order staying additional written and oral discovery pending the resolution of their respective motions to dismiss the Plaintiff's complaint. Plaintiff does not

oppose this motion. "The Court has broad discretion to control discovery, including the discretion to stay discovery pending decision on motions that seek to dismiss a case entirely or to substantially limit its scope." *See e.g.,* Fed. R. Civ. Pro. 26(c); *Landis v. Northern Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Towne Mortg. Co. v. General Star Nat'l Ins. Co.*, 1:15-cv-01374-SEB-DML, 2015 U.S. Dist. LEXIS 193885, *1-2 (N.D. Ind., Dec. 22, 2015) (quoting *Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 813 (7th Cir. 2006)(internal citation omitted) ("It is well-settled that district courts enjoy broad discretion in controlling discovery.")); *In re Sulfuric Acid Antitrust Litig.* 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted. The mere filing of the motion does not automatically stay discovery….But such stays are granted with substantial frequency." (citations omitted)). In considering a stay request, the Court should consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

Given the significance of the issues raised in the Board and Claypool's Motions to Dismiss, particularly *res judicata*, judicial economy is served by awaiting the Court's decision on the fully briefed motions to dismiss before supplemental written discovery, e-discovery or wide-ranging oral discovery is permitted. *See Sanders v. City of Indianapolis*, 1:09-cv-0622-SEB-JMS, 2010 U.S. Dist. LEXIS 32973, *1-2 (S.D. Ind. April 2, 2010) (with increasing frequency, courts are imposing discovery stays when a dismissal motion raises substantial arguments that plaintiff has no legally cognizable claims). A stay will not unduly prejudice or tactically disadvantage Plaintiff; Plaintiff does

not oppose this motion and the parties have already complied with the Court's MIDP program discovery. Moreover, a stay will simplify and streamline the issues for trial if some (or all) of Plaintiff's claims are dismissed and the parties will avoid expending substantial time and resources on discovery on subsequently dismissed claims.

## CONCLUSION

The Board respectfully requests that the Court grant this Motion, and stay all discovery in this case until the Court rules on the Board and Claypool's Motions to Dismiss Plaintiffs' Complaint.

Dated: December 10, 2018

        Respectfully submitted,

**DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO**

JOSEPH T. MORIARTY, GENERAL COUNSEL

By:    */s/Susan J, Best*
        Christina Jaremus, Assistant General Counsel
        Susan J. Best, Assistant Deputy General Counsel
        Board of Education of the City of Chicago
        Law Department, One North Dearborn, Suite 900
        Chicago, Illinois 60602
        (773) 553-1700
        cjaremus@cps.edu
        sjbest@cps.edu

## CERTIFICATE OF SERVICE

I, Susan J. Best, an attorney, do hereby certify that I caused the attached **Defendants Board of Education of the City of Chicago and Forrest Claypool's Motion to Stay All Discovery** to be filed with the Clerk of the Court on December 10, 2018 using the CM/ECF system which sent notification of such filing to counsel of record.

By:    */s/Susan J. Best*
        Susan J. Best, Senior Assistant General Counsel